OA 91 Criminal Complaint

# United States District Court

**NORTHERN** DISTRICT OF **CAILFORNIA**

UNITED STATES OF AMERICA
V.
GERROLD DEMINS

CRIMINAL COMPLAINT

Case Number: 3-07 70532

EDL

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about August 23, 2007 in San Francisco County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)
knowingly and intentionally possess with intent to distribute a controlled substance, namely, 5 grams or more of cocaine base in the form of "crack,"

in violation of Title 21 United States Code, Section(s) 841(a)(1).

I further state that I am a(n) Special Agent of the Drug Enforcement Agency and that this complaint is based on the following facts:

See attached affidavit in support of criminal complaint
MAXIMUM PENALTIES

40 years imprisonment; $2,000,000 fine; lifetime supervised release; $100 special assessment.

MINIMUM PENALTIES

5 years imprisonment; 4 years supervied release.

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Approved As To Form: Allison Danner /s/ Allison Danner
AUSA

Daniel A. Perea
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

September 7, 2007
Date

at San Francisco, California
City and State

The Honorable Elizabeth D. LaPorte   United States Magistrate Judge
Name & Title of Judicial Officer

/s/ Elizabeth D. LaPorte
Signature of Judicial Officer

FILED SEP 07 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# AFFIDAVIT OF DANIEL A. PEREA

I, Daniel A. Perea, being sworn, hereby state:

## I. BACKGROUND OF AFFIANT

1.  I am employed by the San Francisco Police Department (SFPD) as a police officer. I hold the rank of Sgt./Inspector and I am assigned to the Narcotics unit. I have been employed by the SFPD for sixteen years. Currently, I serve as a Task Force Officer with the Drug Enforcement Administration.

2.  I have participated in more than one thousand investigations of illicit drug traffickers. These investigations have involved the use of undercover officers, confidential informants, physical surveillance, investigative interviews, and the service of search and arrest warrants. In addition I have received specialized training related to narcotics investigations, including drug identification, detection, and interdiction.

3.  I am familiar with the facts as set forth herein from observations and investigations by other law enforcement officers as related to me in conversations and through written reports, and from records and/or documents and other evidence obtained as a result of this and related investigations.

## II. THIS INVESTIGATION

4.  On August 23, 2007, at approximately 2:30 a.m., San Francisco Police Department (SFPD) Officer Matt Cole, was assigned to station duty at the Southern Station. Officer Cole received information from a confidential source (CS) regarding an individual who was selling cocaine base in the City and County of San Francisco. The CS described this individual as a black male, 27 to 30 years of age, six feet tall, 230 to 250 pounds, wearing a dark colored "beanie" hat, orange and beige top, jeans and orange and blue shoes. The CS told Officer Cole that he/she witnessed this individual conduct two "hand to hand" narcotics sales in the area of the 300 to 400 block of Ellis Street, in San Francisco. The CS told Officer Cole that on each occasion he/she saw this individual place the package which contained the cocaine base inside the rear area of his pants.

1

5. Officer Cole provided this information to SFPD Officers Bertrand and Leong, who were assigned to patrol duties in the Southern Station police district. Officers Bertrand and Leong responded to the area and located Gerrold DEMINS walking southbound on the 200 block of Ellis Street. The officers observed that DEMINS matched the description of the suspected narcotics dealer provided to them by Officer Cole. Based on these facts, Officers Bertrand and Leong decided to detain DEMINS for further investigation. Officer Bertrand is a Field Training Officer and directed Officer Leong to handcuff DEMINS when they approached him to prevent DEMINS from destroying any drugs he had concealed on his person.

6. The officers detained DEMINS around the location of 250 Taylor Street. As Officers Bertrand and Leong conducted their investigation, Officer Cole received a telephone call from the CS who informed him that the officers had detained the individual he/she had previously identified to Officer Cole. Officer Rouede and Officer Ballando, assigned to patrol the Tenderloin police district, arrived at the scene to assist in the investigation. The officers conducted a record check of DEMINS and were informed that DEMINS had an outstanding warrant for a violation of section 243(e)(1) of the California Penal Code.

7. The officers informed DEMINS that he was being placed under arrest for the outstanding warrant. Officer Bertrand conducted an arrest search of DEMINS while the other officers held DEMINS. DEMINS became agitated, began to curse at the officers and refused the officers' directions to face forward toward the wall in front of him. Due to his training and experience, Officer Bertrand knew that individuals engaged in narcotics sales frequently store their supply of narcotics in between their buttocks to prevent detection of their contraband when encountered by police officers. Officer Bertrand also knew that these individuals commonly attempt to destroy, discard, or further conceal their narcotics by inserting them into their rectum while in transit to a police facility to prevent discovery and/or seizure by police officers.

8. As a result, during the arrest search of DEMINS, Officer Bertrand conducted a search of DEMINS's buttocks area and felt what he believed to be contraband concealed there by DEMINS. DEMINS began to

2

physically resist the officers who attempted to hold him still. DEMINS then attempted to close his legs together and tighten his buttocks. Officer Bertrand seized the object he had felt near DEMINS's buttocks and discovered it was a clear plastic package that contained numerous small, rock-like pieces of what appeared to be "crack" cocaine. Officer Bertrand informed the officers that he had seized contraband from DEMINS. DEMINS became enraged and attempted break free of the officers' grasp. While he did so, DEMINS knocked Officer Bertrand off balance. As a result, Officer Bertrand fell to the ground and suffered a dislocated and broken left ankle.

      9. The officers gained control of DEMINS and transported him to the San Francisco County Jail, where he was booked for the violations described above. The officer also seized $156.50 of US currency in thirty seven small denominations from DEMINS. Officer Rouede processed the suspected "crack" (cocaine base) seized by Officer Bertrand and submitted it to the San Francisco Police Department Crime Laboratory for qualitative analysis. SFPD Criminologist Pagano performed the analysis of the substance at the laboratory and reported that the item seized from DEMINS' person contained 5.99 grams net of cocaine base in the form of "crack." The officers did not find any cocaine base ingestion paraphernalia in DEMINS possession.

      10. Based upon my training and experience, I believe that the amount and type of U.S. currency seized, namely $156.00 in small denominations, the amount of crack cocaine seized, the method in which it was contained and concealed, and the lack of any drug ingestion paraphernalia on DEMINS's person indicate that DEMINS possessed the crack cocaine in order to distribute it, and not merely for personal use.

### III. CONCLUSION

Based on the aforementioned, I have determined there is probable cause to believe that, on August 23, 2007, Gerrold DEMINS knowingly and intentionally did commit the following violation: possession with the intent to distribute over 5 grams of cocaine base in the form of "crack," in violation of Title 21, United States Code, Section 841(a)(1).

3

I declare, under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

*Daniel Perea*

Daniel A. Perea
DEA Task Force Officer

Subscribed and sworn to before me

On: Feb 7 2007

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge