JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 08- 0295 SI |
| Plaintiff, | [PROPOSED] ORDER OF DETENTION PENDING TRIAL |
| v. | |
| GERROLD DEMINS, | |
| Defendant. | |

    This matter came before the Court on May 9, 2007 for a detention hearing. The Defendant, Gerrold Demins, was present and represented by Assistant Federal Public Defender Jodi Linker. Assistant United States Attorney Denise Marie Barton appeared for Assistant United States Attorney Allison Danner on behalf of the United States of America.

    Pretrial Services submitted a report to the Court that recommended detention, and a representative of Pretrial Services was present at the hearing. The Government requested detention on the basis of danger to the community and risk of flight, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

[Proposed] Order of Detention - CR 08-295 SI

1

1  Upon consideration of the facts, proffers, and arguments presented, the Court finds that
2  the United States has not met its burden with respect to risk of flight but finds by a
3  preponderance of the evidence that no condition or combination of conditions of release will
4  reasonably assure the safety of the community.  The Court makes this finding in light of the
5  Defendant's criminal history; apparent escalation of violence in the offenses committed and
6  alleged to have been committed; the violence allegedly exhibited in the current arrest; and the
7  representation that the halfway house with space available would not accept the defendant due to
8  his criminal history and the proximity of the halfway house to the location of the alleged offense.
9   Accordingly, the Court concludes that the Defendant must be detained in this matter.
10  The present order supplements the Court's findings at the detention hearing and serves as
11  written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).  The
12  Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors that the Court must
13  consider in determining whether pretrial detention is warranted.  These factors are:
14  (1)  the nature and circumstances of the offense charged (§ 3142(g)(1));
15  (2)  the weight of the evidence against the person (§ 3142(g)(2));
16  (3)  the history and characteristics of the person including, among other considerations,
17  character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and
18  (4)  the nature and seriousness of the danger to any person or the community that would
19  be posed by the person's release (§ 3142(g)(4)).
20  With regard to the first factor, the nature and circumstances of the offense charged, the
21  Defendant is accused of, *e.g.*, Possession with Intent to Distribute a Controlled Substance, to wit,
22  crack cocaine, in violation of 21 U.S.C. § 841(a)(1), which carries a maximum penalty of 40
23  years imprisonment, $2,000,000 fine, life time supervised release, and a $100 special
24  assessment.  The Court takes note of the following facts related in the proffer of the United
25  States: In the course of defendant's arrest, the defendant, when handcuffed by the arresting
26  officers, was verbally and physically resistant and uncooperative.  When first handcuffed, he said
27  "Fuck all of you.  I'm going to sue you all. What are you fucking with me for?"  Thereafter,
28  when the officers looked into his buttocks area and observed what appeared to be a plastic

baggie in the defendant's buttocks area, they effected a "credit card swipe" of his buttocks area and felt a small bulge near the defendant's anus. The defendant resisted the officers efforts to recover the suspected contraband by tightening his legs and buttocks area. After the officers were able to recover the suspected contraband, the defendant became increasingly violent and began thrashing and bucking. The officers were unable to gain immediate control of the defendant and the defendant fell, causing another officer to fall down and break and dislocate his ankle. Further, when the defendant was on the ground, he continued to resist arrest, kicking his legs at the other officers.

The second factor, the weight of the evidence, is considered the least important. The Bail Reform Act neither requires nor permits a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991). The government did not make a proffer as to the weight of the evidence, and the Court makes no finding on this factor.

The Court further finds that the third factor, the history and characteristics of the defendant, and the fourth factor, the nature and seriousness of danger to the community, militate in favor of detention. The Pretrial Services Report confirms that the Defendant's employment status is not stable, and that he has criminal history, which includes felony convictions for drug-related offenses, a misdemeanor conviction for domestic violence, and multiple violations of law while on parole and resulting parole violations. The Court also notes that the defendant's violent tendencies have escalated over the past three years.

Accordingly, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the

1  Government, the person in charge of the corrections facility in which the defendant is
2  confined shall deliver the Defendant to an authorized Deputy United States Marshal for
3  the purpose of any appearance in connection with a court proceeding.

SO ORDERED.

DATED:_____                    _____
                                        EDWARD M. CHEN
                                        United States Magistrate Judge